UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM L. RIFFEY, | ) | |
|    *Plaintiff,* | ) ) ) | |
| v. | ) ) | No. 1:07-cv-160 *Edgar/Carter* |
| TIM GOBBLE, Bradley County Sheriff; BEN LENDER, Bradley County Justice Center Medical Supervisor, | ) ) ) ) | |
|    *Defendants.* | ) | |

**MEMORANDUM**

The court is in receipt of a *pro se* prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Court File # 1). Plaintiff William L. Riffey ("Plaintiff"), an inmate at the Hamilton County Jail in Chattanooga, Tennessee who was formerly incarcerated at the Bradley County Justice Center in Cleveland, Tennessee, brings this *pro se* civil rights action against two defendants–officials of the Bradley County Justice Center. Plaintiff alleges he was denied adequate medical care in violation of the Eighth Amendment. For the reasons discussed below, Plaintiff's complaint (Court File # 1) will be **DISMISSED**.

**I.**  *Standard of Review*

   **A.**  *Pro Se Pleadings*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not

1

exempt Plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard,* 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

**B.** *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

> When screening a prisoner complaint, a district court must examine both § 1915A and § 1915(e)(2). If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d [528] 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

**II.     *Facts***

Plaintiff claims he notified "Medical Staff" he was disabled and explained his disability was a result of having four surgeries on his back. Plaintiff requested to be brought to his February 25, 2007 orthopedic surgeon appointment, but his request was denied. Although Plaintiff acknowledges Bradley County could not provide advance notice of his medical appointment due to security reasons, he complains that Bradley County, in total disregard of his requests for medical treatment due to severe pain in his lower back, failed to reschedule his appointment at any time during his incarceration. Plaintiff avers he was eventually transferred to the Hamilton County Jail by the Federal Marshals because Bradley County neglected his medical needs.

### III. *Analysis*

#### A. *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997). Although the *Federal Rules of Civil Procedure* do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish

he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock,* 94 F.3d at 244.

### B. *Identity of Defendants*

Plaintiff identifies Sheriff Tim Gobble and Medical Staff Supervisor Ben Lender as defendants. Plaintiff specifies that he is suing them in their official capacity only. A claim against these defendants in their official capacity is treated as being an action against the governmental entity. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Because Defendants have been sued only in their official capacity as employees of Bradley County ("County"), the Court must proceed as if Plaintiff has in fact sued the County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Not only has Plaintiff failed to allege an injury, he does not allege that the violation of his

5

rights resulted from any policy or custom on the part of the County.  Consequently, Defendants are entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e) (Court File # 1).

An appropriate judgment will enter.


        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
    UNITED STATES DISTRICT JUDGE